UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

STEVEN BLAGEC,

        Plaintiff,

v.

MINER'S INCORPORATED, a
Minnesota corporation, d/b/a
Super One Foods, and UNITED
FOOD & COMMERCIAL WORKERS
UNION, LOCAL 73A,

        Defendants.
_____/

Case No. 2:04-CV-296

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Defendants Miner's Incorporated, d/b/a Super One Foods, and United Food & Commercial Workers Union, Local 73A's Joint Motion for Summary Judgment. Plaintiff Steven Blagec has opposed the Motion. Oral argument is unnecessary.

**BACKGROUND**

      Plaintiff is a long-time meat cutter. Defendants are the grocery/meat store which have employed him and the labor union which has represented him. Plaintiff has brought a "hybrid" claim under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, meaning a claim against the store for violation of his collective bargaining and a claim against his union for failing to fairly represent him regarding a seniority-based grievance as to his workplace treatment.

      More particularly, Plaintiff voluntarily stepped down as the head meat cutter at his union shop. He did so in November 2003. (Pl.'s Dep. at 16-20.) The contract at that time provided seniority based on job classifications. (Defs.' Ex. E, §§ 7.1 & 7.4.) Plaintiff's seniority was based on his classification as the "head meat cutter." (*Id.*) Plaintiff's job history with the store was solely

as the head meat cutter. (Pl.'s Dep. at 16-20.) He had worked as a journeyman meat cutter before, but had not accumulated that time under this union's contract nor with this employer. (*Id.*) Thus, when he took the position of line or "journeyman" meat cutter, he lost seniority. This resulted in Plaintiff being scheduled for fewer work hours and being laid off at times. (Pl.'s Dep. at 27.)

When Plaintiff confronted the union about his hours, the union refused to grieve the issue because of the controlling contract language. (Grant Withers Dep. at 16; Defs.' Ex. K.) The journeyman who was promoted to the "head meat cutter" position did ask the union to negotiate a contract amendment which protected his seniority. The new contract did include this provision, though the provision explicitly did not apply to Plaintiff. (Defs.' Ex. D at 9-10.) The language is as follows:

> A journey-person appointed by the employer to the position of Head Meat Cutter shall hold the Hea[d] Meat Cutter position without loss of seniority. "Without loss of seniority" means that in the event the employee either voluntarily resigns or is involuntarily removed from the Head Meat Cutter position, all time spent as the Head Meat Cutter counts toward journey-person seniority so that the employee shall occupy a seniority position within the journey-person classification that he/she would have held if he/she had remained continuously employed in the journey-person classification.

(*Id.*) This language did not apply to Plaintiff because he was not promoted to the head meat cutter postion from a contract "journey-person" position ( his employment began directly as the head meat cutter). While Plaintiff had worked previously as a journeyman meat cutter, he had not done so at this workplace under the collective bargaining agreement or any preceding collective bargaining agreement.[1]

### STANDARDS FOR SUMMARY JUDGMENT

---

[1] Seniority began for this group of represented workers not before the ownership and control of the store by Defendant Miner's Incorporated in 1990. (*See* Pl.'s Dep. at 9; Defs.' Ex. I.)

Defendants' Motion is brought pursuant to Federal Rule of Civil Procedure 56. Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

### **LEGAL ANALYSIS**

In a hybrid § 301 suit, the interrelationships among a union member, his union, and his employer are at issue. *White v. Anchor Motor Freight, Inc.,* 899 F.2d 555, 561 (6th Cir.1990). Under § 301, jurisdiction exists when a union member alleges a breach of a collective bargaining agreement. The supposed breach implicates the employer and the union. However, suit against the union requires proof both that the collective bargaining agreement was breached and the union also breached its duty of fair representation. *White,* 899 F.2d at 559. These are independent and constituent requirements. *Vencl v. Int'l Union of Operating Eng'rs, Local 18*, 137 F.3d 420, 424 (6th Cir. 1998).

In this case, there has been no evidence of any breach of the pertinent collective bargaining

agreement. Because Plaintiff lost seniority under the union contract when he stepped down, he was not treated unfairly *vis-a-vis* other union members as to his hours of employment in the journey-person position. The classification system of seniority used simply did not protect Plaintiff's rights. The re-negotiation of the contract, likewise, protected his successor head meat cutter, but did not make provision for Plaintiff's circumstance. As such, Plaintiff cannot prove any breach of the collective bargaining contract.

Further, given the contract language, the failure to grieve Plaintiff's treatment was a proper and considered judgment by the union. A union breaches its "statutory duty of fair representation ... only when [its] conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190 (1967) (citations omitted); *see also Air Line Pilots v. O'Neill,* 499 U.S. 65, 67 (1991). To show bad faith, a plaintiff must show evidence of fraud, deceitful action, or dishonest conduct. *Humphrey v. Moore,* 375 U.S. 335, 348 (1964). In this case, the union's decision was rational and there is no evidence supporting a finding of bad faith conduct or invidious discrimination. Plaintiff simply lacked seniority rights under the controlling contract language. He made his own fatal choice when he stepped down from his position without seniority protection and without consulting the union.

## **CONCLUSION**

In accordance with this Opinion, a Judgment shall enter granting summary judgment in favor of Defendants Miner's Incorporated and United Food & Commercial Workers Union, Local 73A and against Plaintiff Steven Blagec.

Dated in Kalamazoo, MI:                    /s/Richard Alan Enslen
November 28, 2005                           Richard Alan Enslen
                                            Senior United States District Judge